[No. 6218.]

## JAMES M. HENDERSON *v.* WM. GRAMMAR, MARY GRAMMAR, JAS. McTUCKER, NATHANIEL Mc-TUCKER, ET AL.

FINDING NOT SUPPORTED BY THE EVIDENCE.—The Court found that the defendant assigned certain certificates of purchase for State land with intent to defeat the plaintiff's mortgage security: *held*, that under the circumstances of the case the finding was not supported by the evidence.—[REPORTER.]

JUNIOR MORTGAGEES OF LAND HELD BY STATE CERTIFICATES OF PURCHASE. The holder of State certificates of purchase for lands gave a mortgage of the lands to secure a debt, and subsequently assigned the certificates to his brother, and gave a second mortgage as security for another loan. The second mortgage was recorded, but the assignment and the first mortgage were not. The brother died, leaving heirs, and the first mortgage was subsequently foreclosed without making the heirs or legal representatives of John McTucker parties defendant, the mortgagee purchasing at the sale and taking the Sheriff's deed, no redemption having been made. The heirs surrendered the certificates to the State, and received the patent: *held*, that the foreclosure and sale had the same effect upon the title as though the heirs had been parties to the foreclosure proceedings, and the heirs must seek their relief as junior mortgagees, or for expenditures in perfecting the title.—[REPORTER.]

APPEAL from the District Court of the Fifth Judicial District.

Action to quiet title to a part of section thirty-six, township five north, range seven east. The complaint alleged the following facts: J. and W. Morss, being the holders of State certificates of purchase Nos. 1778, 1779, and 744, for subdivisions of the said section of land, conveyed the same, November 26th, 1868, to defendant Nathaniel McTucker, who executed a mortgage to Jacob Morss for part of the purchase money, and the mortgage was subsequently assigned to the plaintiff, but was not recorded. On October 13th, 1869, Nathaniel McTucker executed a mortgage to John McTucker, his brother, to secure a loan of five thousand five hundred dollars, and at the same time, as part of the transaction, assigned the certificates of purchase to John McTucker. This mortgage was recorded, but the assignment was not. John McTucker died October 14th, 1869, leaving as his heirs the defendants, except Nathaniel McTucker and Wm. Grammar. The latter is the present husband of the widow of John McTucker, the defendant Mary. Henderson foreclosed his mortgage in May, 1871, without making any legal representative of John McTucker a party. The plaintiff, before the mortgage to John McTucker was made, surrendered one of the certificates (No. 744) to him, at his request. In July, 1871, Certificate No. 744 was assigned by N. McTucker to defendant Mary without consideration. In September, 1871, the heirs of John McTucker paid to the State the balance of the purchase money due on the land, and took out a patent therefor. The prayer of the complaint is for damages, and that the defendants' title, if any, be declared to be held in trust for plaintiff. The answer alleged that the assignment to John McTucker was not as security, but as a conditional sale; also that Henderson held his mortgage as security for the payment of another note, made by Jacob Morss to one Kelly for one thousand dollars, which was assigned by Kelly to Henderson, and that Henderson had been paid a part and tendered the balance, two thousand one hundred and twenty dollars, so that he had no right to foreclose. The testimony presented by the record is as follows:

*By the Plaintiff*—"I am acquainted with N. McTucker, and knew John McTucker in his lifetime. About the 18th of

October, 1869, I was the owner of a mortgage drawn by Jacob Morss to Ed. Kelly, pledging the land in dispute for the payment of a promissory note drawn by said Morss in favor of said Kelly for one thousand dollars, dated June 27th, 1868, bearing interest at the rate of two per cent. per month. On that day Nathaniel McTucker paid me some money on said note, leaving a balance of eighty dollars due me. He insisted that Morss should pay half. I told him I would credit the note with the amount paid. Some time before John McTucker took his mortgage, I had in my possession Certificate of Purchase No. 744, and at the request of John or Nathaniel McTucker I surrendered it to Nathaniel McTucker, saying that I thought I had sufficient security. I did not know at the time I commenced my action to foreclose the mortgage against Nathaniel McTucker that the said certificates of purchase had been assigned to John McTucker by Nathaniel McTucker. John McTucker informed me that he had given Nathaniel McTucker certain notes to collect, and that Nathaniel McTucker was to execute to him [John] a mortgage on the premises in dispute in this case and an assignment of the said certificates of purchase to secure him, and that he [John] would have to pay off my mortgage to secure himself. I did not make John McTucker or his heirs parties to the foreclosure suit under which I claim title."

*By Nathaniel McTucker*—" I know plaintiff and the premises in dispute in this case. I am a defendant herein. I am the mortgagor in the said mortgage to John McTucker. Before that mortgage was made I went with said John to plaintiff to pay off the Kelly mortgage. When the money was counted out John said to him: ' You have a certificate of purchase to a part of the land, and I want it.' Thereupon Mr. Henderson took it out of his pocket and laid it on the table, and John took it up. The money on the Kelly mortgage was then paid to Henderson by John—about one thousand one hundred dollars —and that sum entered into and was secured by my mortgage to John. When I made my arrangements with John, I agreed to assign to him the several certificates of purchase mentioned in the complaint as further security for the sum of five thousand five hundred dollars secured by my mortgage to him.

The assignment to Mary McTucker was after the death of said John and to carry out my agreement with him."

The Court found that the assignments to John McTucker and to Mary McTucker were made with the intent to defeat the plaintiff's security. Judgment was rendered for plaintiff and the defendants appealed.

*L. S. Taylor* and *J. H. McKune,* for Appellants.

*Byers & Elliott,* for Respondents.

By the COURT:

We are of opinion that the finding by the Court below—that the assignments of the Certificates 1778 and 1779 to John Mc-Tucker, in his life-time, and of Certificate No. 744 to Mary Mc-Tucker Grammar since the death of said John, were made with intent to defeat plaintiff's security—is not supported by the evidence, and the judgment must therefore be reversed for that reason.

It is apparent from the record, however, that Nathaniel Mc-Tucker having been the actual holder of the Certificate No. 744 at the time of the foreclosure of the plaintiff's mortgage, and the assignments of the other certificates from Nathaniel to John McTucker not having been recorded, the foreclosure of the plaintiff's mortgage and the sale thereunder had, under the statute, the same effect upon the title as though the heirs of John McTucker had been parties to the foreclosure proceedings. In this view the only relief which the defendants can have in this action, if any, must proceed upon their rights as junior mortgagees or for expenditures in perfecting the title; and in the present condition of the answer, such relief cannot be had.

Judgment reversed and cause remanded. Remittitur forthwith.